IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ROBERT G. DENMAN and § <br> NORMA JEAN DENMAN, § <br> § <br> *Plaintiffs*, § <br> § Civil Action No.  SA-13-CV-11-XR <br> v. § <br> § <br> WELLS FARGO BANK, N.A., § <br> § <br> *Defendant*. § | |

**ORDER**

On this day the Court considered Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) (Doc. No. 7). For the following reasons, the Court finds that the motion should be granted.

**I. Background**

**A. Factual Background[1]**

Plaintiffs Robert G. Denman and Norma Jean Denman own property located at 1318 Pecan Station, San Antonio, Texas (the "Property"). Plaintiffs allege that Defendant Wells Fargo Bank, N.A. is the holder of a Note that is secured by "a Deed of Trust on the Property." Plaintiffs allege that Defendant "posted a Notice of Foreclosure under the rights granted to it under the Deed of Trust." The foreclosure sale of the Property was scheduled for November 6, 2012.

---

[1] The following facts are alleged in Plaintiffs' Application for Temporary Restraining Order and Temporary Injunction.

1

**B. Procedural Background**

Plaintiffs filed their Application for Temporary Restraining Order and Temporary Injunction in state court on November 2, 2012 seeking to restrain the foreclosure sale.[2] In their Application, which remains the live pleading, Plaintiffs do not explicitly assert a cause of action. Rather, in support of their request for injunctive relief, Plaintiffs allege the following:

> 3.    If Wells Fargo Bank, N.A. proceeds with the sale of the Property at foreclosure, we will lose the opportunity to modify our loan and bring our loan on the Property into compliance, lose the opportunity to abate losses by creditors and lenders and cause unnecessary harm to ourselves and others. The loan modification is scheduled to close within the next sixty (60) days.
>
> 4.    Applicants have sought and were denied by Wells Fargo Bank, N.A. an extension or forbearance of the scheduled foreclosure sale. . . . .
>
> 5.    The foreclosure sale will cause irreparable injury and harm to Applicant's ability to sell the Property as previously approved and preserve Applicant's economic well-being and provide the creditors with financial remuneration.
>
> 6.    Applicant moves for this temporary injunction to give both the Applicant and Defendant the time to review the Applicant's proposed sale of the Property.

The state court issued a temporary restraining order enjoining the foreclosure sale.[3] Defendant filed an answer in state court in December of 2012 and then removed the action to this Court in January of 2013 based on diversity.

Shortly after removal, Defendant filed a motion to dismiss pursuant to Rule 12(b)(6). In its motion to dismiss, Defendant contends that Plaintiffs have failed to plead an underlying cause of action that would support their request for injunctive relief. Defendant also contends that

---

[2] Specifically, Plaintiffs' Application seeks a "Temporary Restraining Order . . . restraining Wells Fargo Bank, N.A. . . . from directly or indirectly causing [sic] Property to be sold at [sic] foreclosure sale or any other sale without the consent of the Applicant, until such time as the parties can more adequately review the loan modification for the Property[.]" Plaintiffs' Application also seeks "a temporary injunction . . . enjoining and restraining Wells Fargo Bank, N.A. . . . from directly or indirectly causing [sic] Property to be sold at [sic] foreclosure sale until such time as the parties can more adequately review [sic] previously approved short sale of [sic] Property[.]"

[3] In addition to enjoining Defendant from selling the Property, the temporary restraining order also provided that Plaintiffs would "be allowed to continue their efforts to sell the Property in compliance with the previously agreed upon short sale."

2

Plaintiffs have not pleaded any facts that, if true, would demonstrate that Defendant lacks authority to foreclose on the property.

To date, Plaintiffs have not filed a response.[4]

## II. Discussion

### A. Legal Standard for Deciding a Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While detailed factual allegations are not necessary, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

### B. Plaintiffs' Request for Injunctive Relief

Injunctive relief is an equitable remedy, not an independent cause of action. *Puente v. CitiMortgage, Inc.*, No. 3:11-CV-2509-N, 2012 WL 4335997, at *7 (N.D. Tex Aug. 29, 2012). Accordingly, a request for injunctive relief must be dismissed unless it is supported by a viable claim. *See Rodriguez v. Bank of America, N.A.*, No. SA-12-CV-905-DAE, 2013 WL 1773670, at *13 (W.D. Tex. April 25, 2013) (holding that the plaintiff's request for injunctive relief failed because the plaintiff had not pleaded a viable cause of action); *Barcenas v. Federal Home Loan Mortg. Corp.*, No. H-12-2466, 2013 WL 286250, at *9 (S.D. Tex. Jan. 24, 2013) (holding that

---

[4] Two weeks after Defendant filed its motion to dismiss, Plaintiffs' counsel filed a motion to withdraw, which the Court granted. There is no indication in the record that Plaintiffs subsequently retained other counsel. Rather, it appears that Plaintiffs are now proceeding *pro se*.

the plaintiffs' claim for injunctive relief failed because the plaintiffs did not adequately plead any of their substantive legal claims); *Olaoye v. Wells Fargo Bank, NA*, No. 4:11-CV-772-Y, 2012 WL 1082307, at *5 n.5 (N.D. Tex. Apr. 2, 2012) (holding that the plaintiff was not entitled to injunctive relief because the plaintiff had failed to state a claim upon which relief could be granted); *see also Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011) (listing the elements a plaintiff must establish to secure a preliminary injunction, which include, *inter alia*, a showing that there is "a substantial likelihood of success on the merits" of an underlying claim); *Pajooh v. Harmon*, 82 F. App'x 898, 899 (5th Cir. 2003) (affirming the district court's determination that the plaintiff had failed to state a claim upon which injunctive relief could be granted).

Here, Plaintiffs have not asserted any cause of action against Defendant. Nor have Plaintiffs alleged any facts suggesting that Defendant is not legally entitled to foreclose. Accordingly, Plaintiffs' request for injunctive relief, and their Application, must be dismissed.

### III. Conclusion

In light of the foregoing, Defendant's motion to dismiss (Doc. No. 7) is GRANTED.

The Clerk is directed to close this file and enter judgment that Plaintiffs take nothing. Defendant is awarded its costs of court and must file a Bill of Costs in the appropriate form within fourteen days of the entry of judgment.

It is so ORDERED.

SIGNED this 2nd day of May, 2013.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE